## In re Robert E. CUMMINGS, Esq.

[669 A.2d 555]

No. 95-368

October 30, 1995. Pursuant to the recommendation of the Professional Conduct Board filed July 17, 1995, and approval thereof, it is hereby ordered that Robert E. Cummings, Esq., be publicly reprimanded for the reasons set forth in the Board's final report attached hereto for publication as part of the order of this Court. A.O. 9, Rule 8E.

Respondent, who has been a member of the Vermont Bar for nearly 35 years, is before us on two different matters.

### File 94.51

The first involves a lawsuit which respondent filed in Vermont in October of 1990 on behalf of Mr. Burdo whose New York business sought to collect an unpaid bill of $30,255 for work performed as a subcontractor on a construction project. Because Mr. Burdo had failed to register his company as a foreign business in accordance with 11 V.S.A. §§ 1621 and 1634, the court promptly dismissed the suit for lack of jurisdiction.

Respondent told his client that the suit had been dismissed but misrepresented the reasons for the dismissal. He told Mr. Burdo that the case had been dismissed because the business had failed to pay taxes owed to Vermont. He also told Mr. Burdo that the taxes had to be paid before the lawsuit could recommence.

Mr. Burdo immediately arranged to have these taxes paid and so notified respondent. His business was badly in

need of money, and he wanted to get the case moving again.

Respondent did not refile the lawsuit until February of 1992. Again it was dismissed pursuant to a motion filed by defendant arguing lack of jurisdiction because of failure to register the foreign business. Respondent did not file a response to this motion. An entry order granting the motion was filed in October. A dismissal order was filed in January of 1993. By then, the statute of limitations tolled Mr. Burdo's claim.

From the time of the first dismissal in October of 1990 until late 1993, respondent had numerous conversations with his client about the case. Respondent repeatedly misrepresented to Mr. Burdo that the case was pending. He would tell Mr. Burdo that they were waiting for a court date, or give some other reason for the delay. At one point, respondent sent Mr. Burdo a tradename registration form, requesting that it be executed and returned. This served to reinforce Mr. Burdo's belief that his lawsuit was pending.

Throughout this time, Mr. Burdo was experiencing financial and emotional stress. His marriage broke up, and he filed for personal and business bankruptcy. Respondent misrepresented to Mr. Burdo's estranged wife that the case was still pending and promised to send her documents from the case and a status report. He did not do so.

Finally, in late 1993 or early 1994, after yet another inquiry from his client, respondent met with his client and told him the truth: the case had been dismissed and could not be filed again. They discussed the probable value of the lost claim. Eventually, after discussing the matter with another lawyer, Mr. Burdo settled for a payment of $20,000 from respondent, who personally paid that sum.

DR 1-102(A)(4) provides that "[a] lawyer shall not [e]ngage in conduct involving dishonesty, fraud, deceit, or misrepresentation." Respondent violated that rule by engaging in a pattern of deceit and misrepresentation. He not only misrepre-sented the reason for the first dismissal, he knowingly deceived his client into thinking that his second complaint remained pending for 'a year or more after it had been dismissed and could not be resurrected.

Respondent also violated DR 6-101(A)(3)("[a] lawyer shall not [n]eglect a legal matter entrusted to him.") by failing to ensure that the jurisdictional requirements of maintaining a lawsuit in Vermont on behalf of his client had been met — even after direct notice to him of the deficiency.

### File 95.06

The second disciplinary matter involves neglect of a real estate matter and joint representation of diverse interests.

In this case, an unmarried couple — Mr. Babcock and Ms. Metcalfe — retained respondent in 1980 to prepare deeds so that Ms. Metcalfe would have an ownership interest in Mr. Babcock's house. They went to respondent's office, where they executed two deeds to vest in each of them a joint tenancy with rights of survivorship. Respondent was to have the deeds recorded. He neglected this task, however, and the deeds were never recorded.

Three years later, Mr. Babcock changed his mind. He went to respondent's office and told a secretary there that he wanted to "un-do" the land deeds he had executed earlier. The secretary replied that this would cost $25.00, which Mr. Babcock paid. He left the office believing that the house belonged only to him once more. The $25.00 check was deposited into respondent's checking account, although there is no evidence that respondent knew anything about this.

The couple remained together for thirteen years and then separated. In 1993, Ms. Metcalfe learned that her rights in the property had not been protected. She retained an attorney and had to sue in order to establish her rights in the property. She received a favorable ruling in 1994 and is now defending a partition action brought by Mr. Babcock.

Clearly, respondent was not diligent in ensuring that the deeds of his clients had been properly recorded. Moreover, respondent was not diligent in the training and supervision of his employees which should have prevented an employee from advising a client that an executed deed could be altered without the assent of all parties to the deed. Respondent's neglect of this case violated DR 6-101(A)(3).

The more substantial violation is in undertaking joint representation of the couple in the first place. DR 5-105(A) provides that "[a] lawyer shall decline proffered employment . . . if it would be likely to involve him in representing differing interests . . . ." The conveyance of realty from one party to another, whether by gift or purchase, invariably involves differing interests and requires separate counsel.

### Recommended Sanction

Three different sections of the ABA Standards for Imposing Lawyer Sanctions are applicable here. Section 4.43 provides, in pertinent part:

> Reprimand is generally appropriate when a lawyer is negligent and does not act with reasonable diligence in representing a client, and causes injury or potential injury to a client.

§ 4.43.

> Suspension is generally appropriate when a lawyer knowingly deceives a client, and causes injury or potential injury to the client.

§ 4.62.

> Reprimand is generally appropriate when a lawyer is negligent in determining . . . whether the representation [of a client] will adversely affect another client, and causes injury or potential injury to a client.

§ 4.33.

Both Mr. Burdo and Ms. Metcalfe were substantially injured by respondent's misconduct. Mr. Burdo lost any opportunity to collect a $30,000 debt he claimed was owed to him, although respondent reimbursed him for ⅔ of that debt. Ms.

Metcalfe has had to resort to litigation to protect her ownership interest in real property, an interest which would have been protected if respondent had filed the deeds.

Respondent's state of mind was one of negligence in regard to protecting the interests of both clients; he acted knowingly in deceiving Mr. Burdo about the dismissal of his lawsuit.

We find the following mitigating factors present in this case:

* Respondent has no prior disciplinary record;
* Respondent made substantial restitution to Mr. Burdo prior to the involvement of Bar Counsel;
* Respondent has cooperated with the disciplinary proceedings.

We find the following aggravating factors present in this case:

* Respondent exhibited a selfish motive in his deceit of Mr. Burdo;
* There are multiple offenses;
* Respondent has substantial experience in the practice of law.

Respondent urges us to impose only a private admonition, a sanction which we find wholly inappropriate here. See A.O. 9, Rule 7(A)(5).* This was not minor misconduct and serious injury resulted. On the other hand, we are convinced that there is little or no likelihood that respondent will again violate the Code of Professional Responsibility. It is clear to us that respondent has been deeply affected by these proceedings.

We join in bar counsel's recommendation that a public reprimand issue. No greater sanction is necessary to protect the public or educate the bar.

---

* "Only in cases of minor misconduct, when there is little or no injury to a client, the public, the legal system, or the profession, and when there is little likelihood of repetition by the lawyer, should an admonition be imposed."